UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Charles A. Phillips , pro se
Fed. Reg. No. 02952-000
USP Lewisburg, P.O. Box 1000
Lewisburg, PA 17837

Plaintiff

V.

Edward F. Reilly, Jr., Chairman of
the U.S. Parole Commission,

Cranston J. Mitchell, Commissioner of
the U.S. Parole Commission,

Deborah A. Spagnoli, Commissioner of the
U.S. Parole Commission,

Patricia K. Cushwa, Commissioner of the
U.S. Parole Commission, and

Isaac Fulwood, Jr. Commissioner of
the U.S. Parole Commission

United States Parole Commission 5550
Friendship Blvd., Suite 420 Chevy Chase, MD
20815-7286

Defendants.

## COMPLAINT

1.  Plaintiff seeks to vindicate rights protected by the Ex Post
Facto Clause of Article 1, Section 9 of the United States Constitution,
the Fifth and Fourteenth Amendments to the United States Constitution,
and federal law.  This Court has jurisdiction over plaintiff's
claims pursuant to 28 U.S.C., Sections 1331 and 1343 (a)(3), (a) (4),
(b) (1), and 42 U.S.C. 1983,

2. The Court has authority to grant declaratory relief
pursuant to 28 U.S.C. Sections 2201 and 2202.

3. This Court has jurisdiction to declare the rights

of the parties and to grant all further relief found necessary and proper.

## VENUE

4.  Venue is appropriate in this Court pursuant to 28 U.S.C., Section 1391 (b).

## PARTIES

5.  Plaintiff Charles A. Phillips, pro se, is confined at USP Lewisburg, pursuant to a sentence imposed in January 1978, or thereabouts, by the Superior Court of the District of Columbia.

6.  Defendant Edward F. Reilly, Jr. is the current Chairman of the Commission.

7.  Defendant Patricia K. Cushwa is a current Commissioner of the Commission.

8.  Defendant Isaac Fulwood, Jr. is a current Commissioner of the Commission.

9.  Defendant Cranston J. Mitchell is *a* current Commissioner of the Commission.

10.  Defendant Deborah A. Spagnoli is a current Commissioner of the Commission.

11.  Defendants, as the Chairman and/or Commissioners of the Commission, were responsible for reviewing and acting upon plaintiff's requests for parole in accordance with the United States Constitution and federal law and regulations.

**INTRODUCTION**

12. On 1-18-78 and 10-25-78, plaintiff Charles A. Phillips, pro se, was sentenced to an aggregate term of imprisonment, 35 years 6 months to. Life, for the offenses of Murder II, Murder II, CPWOL, Illegal Entry, Bail Reform Act, and Assault with a Deadly Weapon.

13. At the time plaintiff Charles A. Phillips was convicted of these crimes and either pled guilty or was found guilty of these offenses, authority for parole decisions for D.C. Code violators was vested in the District of Columbia Parole Board (the "Parole Board").

14. Nineteen years after plaintiff Charles A. Phillips' conviction, Congress enacted the National Capital Revitalization and Self-Government Improvement Act of 1997 (the "Revitalization Act"), Pub. L. No. 105-33, Section 11231, 111 Stat. 712 (1997).

15. The Revitalization Act abolished the Parole Board, see Pub. L. No. 105-33 Section 11231 (b), and directed the defendants as the Chairman and Commissioners of the Commission, to conduct parole hearings for District of Columbia prisoners "pursuant to the parole laws and regulations of the District of Columbia," id. Section 11231 (c).

16. On August 5, 1998, the Defendants assumed the responsibility for making parole-release decisions for all eligible District of Colombia Code felons, pursuant to the Revitalization Act.

17. In 2000, despite the requirements of the Revitalization Act that the Defendants apply the parole statutes, regulations, and guidelines and practices of the Parole Board, the Defendants published new parole rules, regulations, and guidelines that they deemed applicable to any D.C. inmate receiving an Initial Parole Hearing after August 5, 1998 (the "2000 Guidelines"). See 28 C.F.R. Section 2.80 (a)(5).

3

18.   For inmates who had an initial parole hearing prior to August 5, 1998, the Defendants chose to apply the Parole Board Guidelines.  See 28 C.F.R. Section 2.80 (a)(4).  For all other inmates, some variation of the Defendants' 2000 Guideline applies. See id. Section 2.80 (a)(1) and (5).

19.   The Commission determined under the statutes, regulations, guidelines, rules, policies, practices and customs of the Parole Board, that plaintiff became eligible for parole on November 18, 2002.  Using the Commissions' 2000 Guidelines, the Defendants conducted plaintiff's initial parole hearing in November 2002.

20. Under the Parole Board's parole regulations, policies, and practices, plaintiff had served the minimum sentence, which represents the period that an inmate needed to serve to satisfy the inmate's "accountability for the offense" itself.

21.   The Defendants 2000 Guidelines, on the other hand, do not treat an inmates' "minimum sentence" as satisfying, offense accountability.  Instead, the Defendants automatically add to parole eligibility a period of months that an inmate presumptively must serve before being considered suited for parole.

22.   Furthermore, in explaining the basis for denying plaintiff's request for parole, the Defendants or their predecessors or designees have relied upon bases that are inconsistent with the Parole Board's regulations, guidelines, policies, and practices.

23. As set forth below, when the Defendants applied the Commission's 2000 Guidelines to deny plaintiff's request for parole on the ground that they do not believe plaintiff has served enough time

to address offense accountability, they significantly increased risk that plaintiff would serve a longer period of incarceration than he would have had they applied the Parole Board's regulations, guidelines, policies, and practices, under which plaintiff satisfied the offense accountability after serving 302 months, in addition to the 36 months served as a set-off to the top of an arbitrarily established guideline range of 334 months. Defendants exacerbated the problem by giving plaintiff another set-off beyond the 334 months established under the Defendant's rules. As a result, the Defendants acted in violation of the Ex Post Facto Clause of Article 1, Section 9, the Fifth and Fourteenth Amendments of the United States Constitution and federal law.

### Regulatory Framework for Parole Decisions for D.C. Code Inmates at the Time of Plaintiff's Conviction and Sentencing

24. At the time that Plaintiff committed the crimes for which he is currently incarcerated, and at the time he served the majority (eighteen years), the Parole Board administered their parole hearings and proceedings for D.C. Code violators in the custody of the District of Columbia.

25. Where D.C. Code offenders were in the custody of the United States Government, the Commission administered their parole hearings, but in such circumstances, the Commission was required to apply the Parole Board's regulations, guidelines, policies, and practices which were found by this Court to have the force and effect of law.

26. Under the Parole Board's statutes, guidelines, rules, policies, practices, and customs, the "minimum sentence" for a crime, i.e., the period that an inmate must serve before he or she is

eligible for parole, satisfied the inmate's accountability for the offenses of conviction.

27.  In conducting parole hearings and making parole determinations, the Parole Board applied mandatory guidelines, many of which were codified as municipal regulations, that carefully prescribed the method and criteria that the Parole Board used to render decisions on parole requests. As its guide for determining whether an incarcerated individual would be paroled or re-paroled, the Board used the criteria set forth in the guidelines.

28. At the time plaintiff committed the crimes for which he is currently incarcerated and at the time the plaintiff was sentenced, the Parole Board made parole decisions for D.C. Code offenders using guidelines it adopted in July 1972 under Title 9 and published as "Special Edition" D.C. Rules and Regulations.

29.  In 1987 the Parole Board made parole decisions using mandatory guidelines it adopted in 1985 and published in the District of Columbia Municipal Regulations in 1987 (the "1987 Guidelines"). Further, in 1991, to ensure consistent and equitable application of the 1987 Guidelines and other parole regulations, the Parole Board adopted a Policy Guideline defining terms used in the 1987 Guidelines (the "1991 Guideline"). The 1991 Policy Guideline applied to all requests for parole heard by the Parole Board.

30.  The 1987 Guidelines required the Parole Board to calculate a Salient Factor Score ("SFS") for a prisoner. Based on a parole applicants SFS, the Parole Board then calculated a "total point score", using pre and post incarceration factors, on which it based its decision to grant or deny parole. In "unusual circumstances," when mitigating and/or countervailing factors

applied, the Parole Board could depart from action indicated by an inmate's total point score.

31.    In the case of an initial parole hearing, the 1987 Guidelines state that:

> After determining an adult parole candidate's SFS score and after applying the pre and post incarceration factors to arrive at a total point score pursuant to Section 204 and Appendix 2-1, the Board shall take one (1) of the following actions:
>
> (a) IF POINTS=0: Parole shall be granted at initial hearing with low level of supervision required;
>
> (b) IF POINTS=1: Parole shall be granted at initial hearing with high level of supervision required;
>
> (c) IF POINTS=2: Parole shall be granted at initial hearing with highest level of supervision required; or
>
> (d) IF POINTS=3-5: Parole shall be denied at initial hearing and rehearing scheduled.

32.    In the case of a parole rehearing, the 1987 Guidelines state that:

> In determining whether, to release on parole an adult or a youth offender appearing before the Board at a parole rehearing, the Board shall take the total point score from the initial hearing and adjust that score according to the institutional record of the candidate since the last rehearing pursuant to Appendix 2-2.  The Board shall take one (1) of the following actions:
>
> (a) IF POINTS=0-3: Parole shall be granted at this rehearing with highest level of super vision required; or

(b) IF POINTS=4-5: Parole shall be denied and
a rehearing date scheduled.

33. The Parole Board is directed by the 1987 Guidelines to grant parole to an adult offender at a parole rehearing if the final adjusted score is less than four, except in "unusual circumstances."

34. The manner in which the "institutional record of the candidate" is used to adjust the total point score from the initial hearing, as required by 28 D.C.M.R. Section 204.21, is also subject to precise guidelines adopted by the Parole Board. The adjustment is done via "point grid" in Appendices 2-1 and 2-2 of Title 28 of the District of Columbia Municipal Regulations.  Appendix 2-1 is used to calculate an inmate's SFS and total point at the initial parole hearing, and Appendix 2-2 is used to calculate an inmate's SFS and total point score at a parole rehearing.

35. Pursuant to Appendices 2-1 and 2-2 of the Parole Board Guidelines, in parole hearings, one point can be added to an inmates total score for "negative institutional behavior." In his thirty 30) years of imprisonment, however, plaintiff only received nine (9) Disciplinary Reports, all of a minor nature, and has not received a Report in over Twenty (20) years.  Note; Under 28 DCMR a Disciplinary Report cannot be used adversely against an inmate when that Report is beyond three (3) years old.

36. Pursuant to Appendices 2-1 and 2-2, in parole hearings, one point can be subtracted from an inmate's total point score for "program Achievement" and two (2) points subtracted for " superior program achievement" (referred to in the 1991 Policy Guideline as "Superior Program or work assignment achievement").  Superior program achievement means program achievement that is beyond the level expected

8

that the prisoner might achieve ordinarily.  The Commission in its discretion may, grant more than a two (2) point deduction in the most clearly exceptional cases.

37.  Section VI (A)(2)(b) of the 1991 Policy Guideline define "sustained program or work assignment achievement" for purposes of Appendix 2-1 as:

> In Initial Parole Consideration cases, the following accomplishments shall ordinarily be considered as sustained program or work assignment achievement during the period of incarceration.
>
> (1)  Successful completion of one or two educational programs or vocational programs, or program levels, each of which enabled the offender to develop an academic or job-related skill, or enabled the offender to progress to a higher level of difficulty or skill in the program area.

38.  Section VI(a)(2)(b) of the 1991 Policy Guideline defines "sustained program or work assignment" for the purposes of Appendix 2-2:  "In Parole Reconsideration cases, the accomplishments set forth in Section VI-A-2(a) of this policy shall ordinarily be considered as sustained program or work assignment achievement where completion occurred since the preceding consideration for release on the sentence."

39. The "negative institutional behavior" and "program achievement factors correspond to two findings required by Appendices 2-1 and 2-2:  "Has this offender committed serious infractions (adjudication under Department of Corrections due process procedures)?" and "Has this offender demonstrated sustained achievement in the area of prison programs, industries or work assignments during this period of incarceration?"

40. As noted above, the Parole Board may depart from the results dictated by Sections 204.19 and 204.21 only in "unusual

circumstances," and when particular procedures are followed: Any parole release decision falling outside the numerically determined guideline should be explained by reference to specific aggravating or mitigating factors as stated in Appendices 2-1 and 2-2. Section 204.22 of the District of Columbia Municipal Regulations provide that:

> The Board may, "in unusual circumstances, waive SFS and pre and post incarceration factors [which comprise the total point score] set forth in this chapter to grant or deny parole to a candidate. In that case, the Board shall specify in writing those factors, which it used to depart from the strict application of the ' provisions of this chapter.

41. In the 1991 Policy Guideline, the Parole Board further defined the scope of its authority to deny parole for unusual circumstances when a point score indicates that parole should be granted. Section VI (C) of the 1991 Policy Guideline, titled "Factors Countervailing A Recommendation To Grant Parole", lists and defines the following to constitute "unusual circumstances" countervailing a grant of parole:

a. Repeated failure under parole supervision;

b. Ongoing criminal behavior;

c. Lengthy history of criminally related alcohol abuse;

d. History of repetitive sophisticated criminal behavior;

e. Unusually extensive or serious prior record;

f. Instant offense involved unusual cruelty to victims, which applied where the offense involved physical, mental, or emotional abuse beyond the degree needed to sustain a conviction on the instant offense or especially vulnerable victims such as children or elderly persons; and,

g. Repeated or extremely serious negative
institutional behavior.

## The Parole Regulations Used Plaintiff's
## Parole Hearing and Parole Rehearing

42. As noted above, the Revitalization Act abolished the Parole Board and directed the Commission to conduct parole hearings for District of Columbia offenders according to the parole laws, customs and regulations of the District of Columbia.

43. After the Commission assumed responsibility for parole hearings for D.C. Code offenders, the Commission adopted the 2000 Guidelines and determined that these guidelines would apply to any D.C. Code offender that had not received an initial parole hearing as of August 5, 1998.

44. Unlike the Parole Board Guidelines, practices, policies, and customs, the Commission's 2000 Guidelines and parole eligibility criteria do not consider the completion of a prisoner's "minimum sentence" as satisfying accountability. Instead, the Commission and its designees have repeatedly denied D.C. inmate's requests for parole, including those of plaintiff, on the ground that they believe plaintiff has not served enough time for his offenses.

45. To account for the nature and circumstances of parole applicant's offenses, and the history and characteristics of the prisoners, the 2000 Guidelines contain certain instructions for the rating of certain offenses. Chapter 1 through 12, Section 2.20 of the Commission's Rules and Procedures comprise the Commission's Offense Severity Index.

46. Like the 1987 Guideline, the 2000 Guidelines require the Commission to determine a Salient Factor Score ("SFS") for each parole applicant, which is based upon factors such as prior convictions

/adjudications, prior commitments of more than 30 days, age at current offense/prior commitments, recent commitment free period, probation /parole/confinement/escape status at the time of the current offense, and the age of the offender.  The Commission Guidelines also state that "the Commission may take into account any substantial information available to it in establishing the prisoner's offense severity rating, salient factor score, and any aggravating or mitigating circumstances, provided the prisoner is apprised of the information and afforded an opportunity to respond." Under the Commission Guidelines, the SFS becomes part of a Base Point Score ("EPS") which is comprised of three categories in which point are assigned according to the following factors:

> Category I - Risk of Recidivism (Based on the Salient Factor Score)
>
> Category II- Current or prior violence
>
> Category III Death of a victim or high level of violence

(Although the Parole Board guidelines also require the formulation of an SFS for parole applicants, the Parole Board used the SFS only to determine the risk of recidivism on the part of the parole applicant. The Parole Board did not use the SFS as the basis for an increase in the period of imprisonment the inmate had to serve to demonstrate parole suitability.)

47.   The Commission's method of parole eligibility determination is to apply the EPS (the combined points assigned from Category I - III) to the appropriate category of offense behavior, then to add the corresponding number of months to a parole applicants minimum term/sentence (the number of months an inmate must serve before becoming eligible for parole), based on the offense severity index.

The months added to the parole applicant's minimum sentence based on the *EPS are* considered the "Base Guideline Range" and are considered by the Commission and its designees as the additional time of imprisonment the inmate must serve above the months required for parole eligibility to be qualified for parole.

48.   Pursuant to Section 2.80 (e)(1) of the Commission's Guidelines, the Commission "shall assess whether the prisoner has demonstrated ordinary or superior achievement in the area of prison programs, industries, or work assignments while under confinement for the current offense. "Under this structure, the Commission has the sole discretion of determining whether the parole applicant's work and program achievements are to be considered "ordinary" or "superior". Per the Commission's Guidelines, "if superior program achievement is found, the award for superior program achievement shall be one third of the number of months during which the prisoner demonstrated superior program achievement." The Parole Board Guidelines, however, use an objective standard to reward "Sustained Program Achievement or Work Assignment Achievement" and an award is granted for what the Commission might consider "ordinary" achievement.

49.   The "Total Guideline Range" (the ultimate determination of time to be served to establish presumptive suitability for parole pursuant to the Commission's guideline structure) is reached by adding: the minimum of the base point guideline range, the number of months required by the prisoner's parole eligibility date, and the minimum of the guideline range for disciplinary infractions, if applicable. Then subtract the award for superior program achievement, if applicable.

50.  Pursuant to section 2.80 (a)(4) of the Commission's Guidelines regarding D.C. Code offenders, the Commission's Guidelines apply to all prisoners who are given initial parole hearings on or after August 5, 1998.  For prisoners whose initial hearings were held prior to August 5, 1998, the Commission shall render its decisions by reference the guidelines applied by the D.C. Board of Parole." Thus, regardless of the guidelines, rules, practices and customs in effect when an offender committed his or her crime and was sentenced, the offender's fitness for parole may hinge arbitrarily upon the date of his or her initial parole hearing.

**B.      Plaintiff's Parole Hearings and Defendant's Use of the 2000 Guidelines**

51.  When plaintiff became eligible for parole in April 2003, and had his initial parole hearing November 2002, Defendants or their predecessors assigned a hearing examiner, Charles Lyons, to conduct plaintiff's initial parole hearing.

52.  Despite the fact that plaintiff had been convicted and sentenced at the time the Parole Board applied it's Title 9 Parole Regulations (DCRR Title 9, July 24, 1972 and February 15, 1985 at 32 OCR 940 and 32 OCR 1511), and during the time the Parole Board changed to the mandatory 1987 Guidelines, Defendants and their predecessors instructed Hearing Examiner Lyons to use the Defendant's 2000 Guidelines in evaluating plaintiff's request for parole.

53.  Under the 2000 Guidelines, plaintiff's Salient Factor Score at his initial hearing and at his rehearing was nine (9) and his Base Point Score was five (5).  Plaintiff's SFS was based on his having no prior convictions, no prior commitments of 30 days, his age at

14

the time of the offense, and the fact that plaintiff was not on parole at the time of the offense. Plaintiff's SFS placed him in the "Very Good" risk category. Plaintiff's Base Point Score was based upon the violence of the offense and the death of the victims. Plaintiff's Base Point Score under the Federal 2000 Guidelines increased the time of incarceration plaintiff was expected to serve from the minimum term ("accountability for the crimes under the 1987 Guidelines"), to an additional 18-24 months, indicating that plaintiff should serve between 304 (his minimum term) and 334 months (the additional months added by the 2000 Guidelines).

54. At his initial hearing, despite the fact that the examiner awarded plaintiff 48 months for Superior Programming (an actual ward of 16 months), the Defendant's instructed Mr. Lyons under it's 2000 Guidelines to add an additional 18 months to the Guideline Range for disciplinary infractions (all Minor), that were more that 15 years old, and were barred from adverse use after 3 years under the 1987 Guidelines, rules, practices, regulations and customs. Consequently, plaintiff was denied parole at the initial hearing, and a 3-year rehearing date was set. The Notice of Action issued to ' plaintiff by the Defendants indicated that the decision was not appealable.

55. In October 2005, Defendants conducted plaintiff's rehearing pursuant to the provisions of the 2000 Guidelines.

56. Although plaintiff continued to program (Newport Business Institute) and work assignment (UNICOR), Defendants did not give plaintiff credit for either the programming or the work assignment performance.

57. Furthermore, despite the fact that plaintiff served the arbitrary 334 (range of months), and Defendant's Guidelines indicated that Plaintiff should be paroled, Defendant's ignored it's own guidelines and denied plaintiff's request for parole, and set a rehearing date of October 2008, in spite of the recommendation of the hearing examiner for a Presumptive Parole Date.

58. Defendant's alleged basis for denying plaintiff's request of parole at this October 2005 rehearing, are not recognizable under the 1987 Guidelines, and undermine the fundamental parole scheme of the Parole Board guidelines.

59. In reaching each of their determinations regarding plaintiff's request for parole, the Defendants and their designees have relied upon the belief that plaintiff has not served sufficient time to satisfy accountability for the offenses he committed, based in part on the erroneous premise that plaintiff knowingly killed a law enforcement official. Thus, because the Defendants and their designees have felt plaintiff needed to serve a longer period of incarceration to satisfy accountability for the offenses he committed, they have ignored the objective factors of its own 2000 Guideline which indicated plaintiff should be paroled, they have completely disregarded core factors of the 1987 Guidelines that set accountability for the crime at the minimum term or parole eligible.

60. Despite the fact that plaintiff was eligible for parole in November 2002 and had an exemplary prison record, plaintiff will have served 72 additional months, for a crime the court intended for plaintiff to serve 26 years, instead of the 32 years designated by the defendants.

C. Plaintiff's Rights Under the Parole Board's 1987 Guidelines

61. If plaintiff had been evaluated under D.C. Guidelines, his SFS at his initial hearing would have been nine (9) and his "total point score" would have been 0, which would have included a reduction of -2 point for superior programming.

62. Under the Parole Board's 1987 Guidelines, if the grid point score equals two or less, parole should be granted at the initial hearing, i.e., except in "unusual circumstances". See D.C.M.R. Sections 204.19 and 204.22.

63. At his parole rehearing October 2005, plaintiff's SFS under the 1987 Guidelines would have again been 9 and his total point score would have been 0, making the plaintiff the lowest possible risk under the guidelines (1987), qualified plaintiff for parole unless unusual circumstances were present. However, plaintiff does not fit any criteria as listed in Appendix 2-2, and qualified for pa.; parole under 1987 Parole Board Guidelines.

64. Under the Parole scheme of the Parole Board's regulations, practices and guidelines, plaintiff satisfied the accountability factors for his offenses after serving 300 months and therefore eligible for parole, as of November 2002.

65. The Defendant's application of the 2000 Guidelines, rather than the 1987 and 1991 Policy Guidelines, and their repeated denials of plaintiff's request for parole on the ground that plaintiff has not served sufficient time to account for his crimes, and that the guidelines used by the Parole Board did not fully capture the totality of the crime. Consequently, Defendant's actions, both direct and

and indirect have resulted in the significant risk of prolonging plaintiff's incarceration, and therefore constitutes an Ex Post Facto violation of the United States Constitution.

Count 1:    The Defendants Violated the Ex Post Facto Clause of the United States Constitution

66.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 66 as if fully set forth herein.

67. The retroactive application of a new law, resulting in a significant risk of prolonging an inmate's sentence, than what would have resulted under the guidelines in effect when the inmate was convicted, constitutes a violation of the Ex Post Facto Clause of the United States Constitution.

68.    Prisoners are entitled to know the range of punishments available at the time of sentencing, and during the adjudication of their cases.   The Ex Post Facto Clause assures that individuals are given fair warning of what actions will be punished and the degree to which they will be punished.

69.    Pursuant to the provisions of the 1987 Guidelines, which governed parole decisions during the majority of plaintiff's incarceration, and which constrained parole decisions to a formula that guided official discretion, plaintiff's point score of "0" indicated that plaintiff should have been granted parole at his initial and parole rehearing, subject to a low level of supervision.

70.    Furthermore, per Section IV (C)(7) of the Parole Board's 1991 policy guidelines, none of the "unusual circumstances" identified by the Parole Board as a basis for departing from the guidelines indicated a course of action other than the granting of plaintiff's parole request.

71.  In addition, Section 204.8 of Title 28
D.C.M.R. state in relevant part, "an aggregate term of
imprisonment, whether concurrent or consecutive is treated
as a single commitment", one of the premises for 204.8 is
to ensure that after an offender served the aggregate term,
accountability for the entire crime was met, and could be
adjudicated on the basis of a single commitment.

72.  Under the 2000 Guidelines, Defendants their
predecessors, and/or their designees denied plaintiff's requests
for parole and, significantly increased the risk that his
incarceration would be prolonged and he would serve longer
that he would have had the Board of Parole's Guidelines been
applied by:  1) immediately increasing the period the Parole
Board considered as satisfying his offense accountability,
i.e., plaintiff's parole eligibility date, by 18-24 months, 2)
failing to give plaintiff credit for his program and work
achievement between his initial and parole rehearing, and
3) de-aggregation of plaintiff's aggregate term for the purpose
of double punishing plaintiff for factors already taken into
account by Parole Board rules, regulations, practices and
customs. These factors and actions by the Defendants
significantly increased the risk that plaintiff would be
incarcerated longer, arid were in violation of the Ex Post
Facto Clause of the United States Constitution.

73.  Furthermore, by ignoring the Parole Board's
policy and practice of considering plaintiff's parole

eligibility date, November 2002, as satisfying plaintiff's accountability for his offense, the Defendants have necessarily significantly increased the risk that plaintiff will be incarcerated longer than he would have been had the Parole Board's regulations and practices been applied.

Count II: Violation of Plaintiff's Fifth Amendment and Fourteenth Amendment Due Process Rights

The Commission's Denial of Plaintiff's Program Achievement and Work Achievement Violated His

Due Process Rights.

74. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 73 as if fully set forth herein.

75. Plaintiff has a constitutionally protected interest in receiving credit for his program and work achievement as provided for under the 1987 Guidelines, the 1991 Policy Guideline, and the Commission's own 2000 Guidelines. The Defendants did not credit plaintiff for such achievement for the period between plaintiff's initial and parole rehearing, November 2002 and October 2005, respectively.

76. As a result, Defendants denied plaintiff his constitution rights to a fair review process.

Relief Requested

Wherefore, Plaintiff Charles A. Phillips respectfully requests that this Court:

1.  require the Defendants to apply the Parole Board's guidelines, practices, and procedures, including, but not limited to the 1987 Guidelines and the 1991 Policy Guidelines to plaintiff Charles A. Phillips;

2.  deem that plaintiff's service of his sentence to his parole eligibility date satisfies the offense accountability for parole consideration purposes;

3.  order the Defendants to reconsider the decision rendered on Plaintiff's applications for parole based on the existing record in a manner consistent with the D.C. Parole Board's 1987 Guidelines, 1991 Policy Guideline, and policies, federal regulations, the Constitution, and all other requirements of law;

4.  award plaintiff the expense of litigation; and

5.  grant such other and further relief as the Court deems appropriate.

Respectfully Submitted,

Charles A. Phillips    4/21/07

Charles A. Phillips, pro se
Fed. Reg. No. 02952-000
USP Lewisburg P.O. Box 1000
Lewisburg, PA 17837

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Charles A. Phillips, pro se
Fed. Reg No. 02952-000
USP Lewisburg, P.O. Box 1000
Lewisburg, PA 17837

**SUMMONS IN A CIVIL CASE**

V.

Edward F. Reilly, Jr., Chairman of the U.S. Parole Commission,
Cranston J. Mitchell, Commissioner of the U.S. Parole Commission,
Deborah A. Spagnoli, Commissioner of the U.S. Parole Commission,
Patricia K. Cushwa, Commissioner of the U.S. Parole Commission,
Isaac Fulwood, Jr. Commissioner of the U.S. Parole Commission
United States Parole Commission
5550 Friendship Blvd., Suite 420
Chevy Chase, MD 20815-7286

CASE NUMBER:

TO: (Name and address of Defendant)

Edward F. Reilly, Jr., Chairman
United States Parole Commission
5550 Friendship Blvd., Suite 420
Chevy Chase, MD 20815-7286

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Charles A. Phillips, pro se
Fed. Reg No. 02952-000
USP Lewisburg, P.O. Box 1000
Lewisburg, PA 17837

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

**G**    Served personally upon the defendant.  Place where served:

_____

_____

**G**    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

     Name of person with whom the summons and complaint were left: _____

**G**    Returned unexecuted: _____

_____

_____

**G**    Other (specify): _____

_____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

       I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                  *Date*                       *Signature of Server*

                               _____
                                      *Address of Server*

_____

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Charles A. Phillips, pro se
Fed. Reg No. 02952-000
USP Lewisburg, P.O. Box 1000
Lewisburg, PA 17837

**SUMMONS IN A CIVIL CASE**

V.

Edward F. Reilly, Jr., Chairman of the U.S. Parole Commission,
Cranston J. Mitchell, Commissioner of the U.S. Parole Commission,
Deborah A. Spagnoli, Commissioner of the U.S. Parole Commission,
Patricia K. Cushwa, Commissioner of the U.S. Parole Commission,
Isaac Fulwood, Jr. Commissioner of the U.S. Parole Commission
United States Parole Commission
5550 Friendship Blvd., Suite 420
Chevy Chase, MD 20815-7286

CASE NUMBER:

TO: (Name and address of Defendant)

Cranston J. Mitchell, Commissioner
United States Parole Commission
5550 Friendship Blvd., Suite 420
Chevy Chase, MD 20815-7286

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Charles A. Phillips, pro se
Fed. Reg No. 02952-000
USP Lewisburg, P.O. Box 1000
Lewisburg, PA 17837

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                               DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

G   Served personally upon the defendant.  Place where served: _____

_____

G   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

G   Returned unexecuted: _____

_____

_____

G   Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                    Date                            *Signature of Server*

                                        _____
                                            *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Charles A. Phillips, pro se
Fed. Reg No. 02952-000
USP Lewisburg, P.O. Box 1000
Lewisburg, PA 17837

**SUMMONS IN A CIVIL CASE**

V.

Edward F. Reilly, Jr., Chairman of the U.S. Parole Commission,
Cranston J. Mitchell, Commissioner of the U.S. Parole Commission,
Deborah K. Spagnoli, Commissioner of the U.S. Parole Commission,
Patricia K. Cushwa, Commissioner of the U.S. Parole Commission,
Isaac Fulwood, Jr. Commissioner of the U.S. Parole Commission
United States Parole Commission
5550 Friendship Blvd., Suite 420
Chevy Chase, MD 20815-7286

CASE NUMBER:

TO: (Name and address of Defendant)

Deborah A. Spagnoli, Commissioner
United States Parole Commission
5550 Friendship Blvd., Suite 420
Chevy Chase, MD 20815-7286

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Charles A. Phillips, pro se
Fed. Reg No. 02952-000
USP Lewisburg, P.O. Box 1000
Lewisburg, PA 17837

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

_____
CLERK

_____
DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

**G**   Served personally upon the defendant.  Place where served: _____

_____

**G**   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

**G**   Returned unexecuted: _____

_____

_____

**G**   Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
               Date                        *Signature of Server*


                                 _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Charles A. Phillips, pro se
Fed. Reg No. 02952-000
USP Lewisburg, P.O. Box 1000
Lewisburg, PA 17837

**SUMMONS IN A CIVIL CASE**

V.

Edward F. Reilly, Jr., Chairman of the U.S. Parole Commission,
Cranston J. Mitchell, Commissioner of the U.S. Parole Commission,
Deborah A. Spagnoli, Commissioner of the U.S. Parole Commission,
Patricia K. Cushwa, Commissioner of the U.S. Parole Commission,
Isaac Fulwood, Jr. Commissioner of the U.S. Parole Commission
United States Parole Commission
5550 Friendship Blvd., Suite 420
Chevy Chase, MD 20815-7286

CASE NUMBER:

TO: (Name and address of Defendant)

Patrick K. Cushwa, Commissioner
United States Parole Commission
5550 Friendship Blvd., Suite 420
Chevy Chase, MD 20815-7286

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Charles A. Phillips, pro se
Fed. Reg No. 02952-000
USP Lewisburg, P.O. Box 1000
Lewisburg, PA 17837

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

_____
CLERK

_____
DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

**G**   Served personally upon the defendant.  Place where served: _____

**G**   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

**G**   Returned unexecuted: _____

**G**   Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                    Date                          *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Charles A. Phillips, pro se
Fed. Reg No. 02952-000
USP Lewisburg, P.O. Box 1000
Lewisburg, PA 17837

**SUMMONS IN A CIVIL CASE**

V.

Edward F. Reilly, Jr., Chairman of the U.S. Parole Commission,
Cranston J. Mitchell, Commissioner of the U.S. Parole Commission,
Deborah A. Spagnoli, Commissioner of the U.S. Parole Commission,
Patricia K. Cushwa, Commissioner of the U.S. Parole Commission,
Isaac Fulwood, Jr. Commissioner of the U.S. Parole Commission
United States Parole Commission
5550 Friendship Blvd., Suite 420
Chevy Chase, MD 20815-7286

CASE NUMBER:

TO: (Name and address of Defendant)

Isaac Fulwood, Jr., Commissioner
United States Parole Commission
5550 Friendship Blvd., Suite 420
Chevy Chase, MD 20815-7286

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Charles A. Phillips, pro se
Fed. Reg No. 02952-000
USP Lewisburg, P.O. Box 1000
Lewisburg, PA 17837

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

**G**    Served personally upon the defendant. Place where served: _____

**G**    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

       Name of person with whom the summons and complaint were left: _____

**G**    Returned unexecuted: _____

**G**    Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
             *Date*                    *Signature of Server*

                                 _____
                                   *Address of Server*

_____

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Charles A. Phillips, pro se
Fed. Reg No. 02952-000
USP Lewisburg, P.O. Box 1000
Lewisburg, PA 17837

**SUMMONS IN A CIVIL CASE**

V.

Edward F. Reilly, Jr., Chairman of the U.S. Parole Commission,
Cranston J. Mitchell, Commissioner of the U.S. Parole Commission,
Deborah A. Spagnoli, Commissioner of the U.S. Parole Commission,
Patricia K. Cushwa, Commissioner of the U.S. Parole Commission,
Isaac Fulwood, Jr. Commissioner of the U.S. Parole Commission
United States Parole Commission
5550 Friendship Blvd., Suite 420
Chevy Chase, MD 20815-7286

CASE NUMBER:

TO: (Name and address of Defendant)

United States Attorney of the District of Columbia
555 4th Street, NW
Washington, DC 20530

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Charles A. Phillips, pro se
Fed. Reg No. 02952-000
USP Lewisburg, P.O. Box 1000
Lewisburg, PA 17837

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

**G**    Served personally upon the defendant. Place where served: _____

**G**    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

      Name of person with whom the summons and complaint were left: _____

**G**    Returned unexecuted: _____

**G**    Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
               Date                      *Signature of Server*

                                      _____
                                        *Address of Server*

_____

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Charles A. Phillips, pro se
Fed. Reg No. 02952-000
USP Lewisburg, P.O. Box 1000
Lewisburg, PA 17837

**SUMMONS IN A CIVIL CASE**

V.

Edward F. Reilly, Jr., Chairman of the U.S. Parole Commission,
Cranston J. Mitchell, Commissioner of the U.S. Parole Commission,
Deborah A. Spagnoli, Commissioner of the U.S. Parole Commission,
Patricia K. Cushwa, Commissioner of the U.S. Parole Commission,
Isaac Fulwood, Jr. Commissioner of the U.S. Parole Commission
United States Parole Commission
5550 Friendship Blvd., Suite 420
Chevy Chase, MD 20815-7286

CASE NUMBER:

TO: (Name and address of Defendant)

Attorney General of the United States of America
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Charles A. Phillips, pro se
Fed. Reg No. 02952-000
USP Lewisburg, P.O. Box 1000
Lewisburg, PA 17837

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

CLERK                                                           DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

G  Served personally upon the defendant.  Place where served: _____

_____

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

_____

G  Other (specify): _____

_____
_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                        Date                    *Signature of Server*


                    _____
                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Charles A. Phillips, pro se<br>Fed. Reg. No. 02952-000<br>USP Lewisburg, P.O. Box 1000<br>Lewisburg, PA 17837 | Edward F. Reilly, Jr., Chairman of the United States Parole Commission<br>Cranston J. Mitchelle, Commissioner of the United States Parole Commission<br>Deborah A. Spagnoli, Commissioner of the United States Parole Commission<br>Patricia K. Cushwa, Commissioner of the United States Parole Commission<br>Isaac Fulwood, Jr., Commissioners of the United States Parole Commission |

| | |
|---|---|
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>**(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF<br>LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br><br>Charles A. Phillips, pro se<br>Fed. Reg. No. 02952-000<br>USP Lewisburg, P.O. Box 1000<br>Lewisburg, PA 17837 | ATTORNEYS (IF KNOWN) |

| II. BASIS OF JURISDICTION<br>(PLACE AN x IN ONE BOX ONLY) | III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX<br>FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!** |
|---|---|

|  |  |
|---|---|
| ○ 1 U.S. Government<br>   Plaintiff | ○ 3 Federal Question<br>   (U.S. Government Not a Party) |
| ● 2 U.S. Government<br>   Defendant | ○ 4 Diversity<br>   (Indicate Citizenship of<br>   Parties in item III) |

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place<br>of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place<br>of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a<br>Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If<br>    Administrative Agency is Involved) | Any nature of suit from any category may<br>be selected for this category of case<br>assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | **OR** | ○ F. *Pro Se General Civil* | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or<br>    defendant<br>☐ 871 IRS-Third Party 26<br>    USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational<br>    Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC<br>    Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced &<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>    Exchange<br>☐ 875 Customer Challenge 12 USC<br>    3410<br>☐ 900 Appeal of fee determination<br>    under equal access to Justice<br>☐ 950 Constitutionality of State<br>    Statutes<br>☐ 890 Other Statutory Actions (if<br>    not administrative agency<br>    review or Privacy Act |

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** ☐ **890 Other Statutory Actions** (if Privacy Act) *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans** (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ◉ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** ☐ **720 Labor/Mgmt. Relations** ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** ☐ **740 Labor Railway Act** ☐ **790 Other Labor Litigation** ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** ☐ **443 Housing/Accommodations** ☐ **444 Welfare** ☒ **440 Other Civil Rights** ☐ **445 American w/Disabilities-Employment** ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** ☐ **120 Marine** ☐ **130 Miller Act** ☐ **140 Negotiable Instrument** ☐ **150 Recovery of Overpayment & Enforcement of Judgment** ☐ **153 Recovery of Overpayment of Veteran's Benefits** ☐ **160 Stockholder's Suits** ☐ **190 Other Contracts** ☐ **195 Contract Product Liability** ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting** (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C., Sections 1331 and 1343 (a) (3), (a) (4), (b) (1), and 42 U.S.C 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $** _____   Check YES only if demanded in complaint   **JURY DEMAND:** YES ☐   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE _4/21/07_   SIGNATURE OF ATTORNEY OF RECORD   _Charles A. Phillips_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.