UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES PHILLIPS,<br><br>        Plaintiff,<br><br>v.<br><br>EDWARD F. REILLY, Chairman,<br>United States Parole Commission, et al.<br><br>        Defendants. | Civil Action No.: 07-CV-0742 (ESH) |

## ANSWER

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

In response to the numbered paragraphs fo the Complaint, Defendants respond as follows:

1. The allegations of this paragraph are conclusions of law to which no response is required.

   To the extent a response is deemed necessary, they are denied.

2. The allegations of this paragraph are conclusions of law to which no response is required.

   To the extent a response is deemed necessary, they are denied.

3. The allegations of this paragraph are conclusions of law to which no response is required.

   To the extent a response is deemed necessary, they are denied.

4. The allegations of this paragraph are conclusions of law to which no response is required.

   To the extent a response is deemed necessary, they are denied.

5-9. Admitted.

10. Denied. Deborah A. Spagnoli no loner serves as a U.S. Parole Commissioner.

11-14. Admitted.

15. This paragraph is a characterization of the Act. The Court is directed to the full text of the legislation for a complete and accurate statement of its contents.

16. Admitted.

17. Denied as stated.

18. This paragraph is a legal characterization of the Commission's regulations. The Court is directed to the full text of the regulations for a complete and accurate statement of their contents.

19. The first sentence of this paragraph is denied. The Federal Bureau of Prisons determined that Plaintiff became eligible for parole on February 8, 2003. The second sentence of this paragraph is admitted.

20. This paragraph contains a legal conclusion and is a characterization of the law prior to 1998 to which no response is required. The Court is directed to the applicable law and regulations in existence before 1998 for a complete and accurate statement of their contents and import.

21. This paragraph is a legal characterization of the Commission's regulations. The Court is directed to the full text of the regulations for a complete and accurate statement of their contents. To the extent a response is necessary to the factual allegations of this paragraph, the paragraph is denied.

22. Denied as stated.

23. This paragraph is a legal characterization of the Commission's regulations. The Court is directed to the full text of the regulations for a complete and accurate statement of their contents. To the extent a response is necessary to the factual allegations of this paragraph, the paragraph is denied.

24. Admitted.

25. Defendants admit that, prior to August 5, 1998, the Commission applied Parole Board's regulations and guidelines for D.C. Code offenders in the custody of the United States Government. Defendants deny the remainder of the allegations of the paragraph as stated.

26. This paragraph contains legal characterizations of the D.C. Board of Parole's regulations. The Court is directed to the full text of theses regulations for a complete and accurate statement of their contents.

27. Defendants admit that the Parole Board considered guidelines in Parole decision making. Defendants deny the remainder of the allegation of the paragraph as stated.

28. Denied as stated.

29. This paragraph contains legal characterizations of the Board's regulations. The Court is directed to the regulations for a complete and accurate statement of their contents. To the extent a response is necessary to the factual allegations of this paragraph, the paragraph is denied as stated.

30-34. These paragraphs contain legal conclusions and characterizations of the law to which no response is required. To the extent a response is deemed required, the Court is directed to the full text of the Board's 1987 regulations for a complete and accurate statement of their contents and import.

35. This paragraph contains legal characterizations of the Board's regulations. The Court is directed to the regulations for a complete and accurate statement of their contents. To the extent a response is necessary to the factual allegations of this paragraph, the paragraph is denied as stated.

36-41. These paragraphs contain legal conclusions and characterizations of the law to which no response is required. To the extent a response is deemed required, the Court is directed to the full text of the Board's 1987 regulations and policy statements for a complete and accurate statement of their contents and import.

42. This paragraph is a characterization of the statute to which no response is required. To the extent a response is deemed necessary, the Court is directed to the full text of the Revitalization Act for a complete statement of its contents and import.

43. Admitted.

44. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is deemed necessary, they are denied.

45-50. These paragraphs contain legal conclusions and characterizations of the law to which no response is required. To the extent a response is deemed required, the Court is directed to the full text of the Commission's guidelines for D.C. Code offenders, found at 28 C.F.R. § 2.80.

51. Admitted.

52. Denied as stated. Defendants admit that the Commission considered the Commission's guidelines for D.C. Code offenders in assessing Plaintiff's suitability for parole.

53. Defendants admit that the Commission determined Plaintiff's Salient Factor Score to be 5, using the guidelines at 28 C.F.R. § 2.80. Defendants admit that petitioner's Base Point Score Guideline Range under those guidelines was 18-24 months. Defendants deny the remainder of this paragraph as stated.

54. Defendants admit that, following Plaintiff's initial parole hearing, the Commission awarded Plaintiff 16 months of Superior Program Achievement, that the Commission determined Plaintiff's Disciplinary Guideline Range to be 0-24 months, and that the Commission denied Plaintiff parole and continued him to a three-year reconsideration hearing.

55. Admitted.

56. Defendants admit that the Commission did not award Plaintiff Superior Program Achievement following his three-year reconsideration hearing.

57. Defendants admit that, following Plaintiff's three-year reconsideration hearing, the Commission's guidelines for D.C. Code offenders suggested that he be granted parole. Defendants admit that the Commission's hearing examiner at this hearing recommended that Plaintiff be paroled and that the Commission exceeded the guidelines because the Commission found Plaintiff to be a more serious parole risk than indicated by the guidelines.

58. This paragraphs contains legal conclusions and characterizations of the law to which no response is required. To the extent a response is deemed required, the Court is directed to the full text of the Board's 1987 regulations for a complete and accurate statement of their contents and import.

59. Denied.

60. Denied as stated.

61-63. These paragraphs contain legal conclusions to which no response is required. To the extent a response is deemed necessary, the Court is directed to the Board's 1987 guidelines.

64. Denied as stated.

65. Denied.

66. Defendants incorporate by reference herein their answers to paragraphs 1-65.

67-71. These paragraphs contain legal conclusion to which no response is required. To the extent that a response is deemed necessary, the allegations are denied.

72-73. Denied.

74. Defendants incorporate by reference herein their answers to paragraphs 1-73.

75-76. Denied.

The remainder of the Complaint is Plaintiff's request for relief. Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

WHEREFORE, it is respectfully requested that the Complaint be dismissed with prejudice and that the Court grant such further relief as it deems appropriate.

Dated: July 31, 2007

                Respectfully submitted,

                JEFFREY A. TAYLOR, D.C. BAR # 498610
                United States Attorney

                RUDOLPH CONTRERAS, D.C. BAR # 434122
                Assistant United States Attorney

                KENNETH ADEBONOJO
                Assistant United States Attorney
                United States Attorney's Office
                Civil Division
                555 4th Street, N.W. – Room E4210
                Washington, D.C. 20530
                (202) 514-7157
                kenneth.adebonojo@usdoj.gov

                COUNSEL FOR DEFENDANTS